**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil Action No.: CV-09-02507-PHX-ECV** |
| **$100,530.00 in US CURRENCY** | * | |
| **Defendant** | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**VERIFIED CLAIM AND STATEMENT IDENTIFYING
CLAIMANT'S INTEREST AND RIGHTS IN SEIZED PROPERTY**

The Claimant, Samuel Lloyd, hereby answers the Plaintiff's Verified Complaint for Forfeiture, and states as follows:

**I.**

The Verified Complaint for Forfeiture fails to state a claim upon which relief can be granted.

**II.**

The Verified Complaint for Forfeiture is barred by the application statute of limitations.

**III.**

The Verified Complaint for Forfeiture should be dismissed for insufficiency of service of process.

**IV.**

As to the allegations in the numbered paragraphs of the Verified Complaint for Forfeiture, the Claimant states the following:

1.      Paragraph 1 of the Complaint calls for legal conclusions for which no response is required.

2.      No response is required for ¶ 2 of the Complaint.

3.      Paragraph 3 of the Complaint calls for legal conclusions for which no response is required.

4.      Paragraph 4 of the Complaint calls for legal conclusions for which no response is required.

5.      Paragraph 5 of the Complaint calls for legal conclusions for which no response is required.

6.      Defendant denies the allegations in ¶ 6 of the Complaint.

7.      With regard to ¶ 7 of the Complaint, it calls for legal conclusions for which no response is required.  The Defendant denies the balance of ¶ 7 of the Complaint.

8.      Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 8 of the Complaint.

9.      With regard to ¶ 9 of the Complaint, Defendant has insufficient information and/or knowledge to admit or deny the allegation.  Defendant denies the balance of ¶ 9 of the Complaint.

10.      Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 10 of the Complaint.

11.      Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 11 of the Complaint.

12.      Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 12 of the Complaint.

13.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 13 of the Complaint.

14.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 14 of the Complaint.

15.     Defendant admits the allegations of ¶ 15.

16.     Defendant admits the allegations of ¶ 16.

17.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 17 of the Complaint.

18.     With regard to ¶ 18 of the Complaint, Defendant admits that he stated he had no drugs on his person. Defendant denies the balance of ¶ 18 of the Complaint.

19.     Defendant admits the allegations of ¶ 19.

20.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 20 of the Complaint.

21.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 21 of the Complaint.

22.     Defendant denies the allegations of ¶ 22.

23.     With regard to ¶ 23 of the Complaint, Defendant admits stating that he was in Phoenix on business.  Defendant denies the balance the allegations of ¶ 23 of the Complaint.

24.     Defendant denies the allegations of ¶ 24.

25.     With regard to ¶ 25 of the Complaint, Defendant admits stating that he was in Phoenix to promote a reggae/rap concert.  Defendant denies the balance the allegations of ¶ 25.

26.     With regard to ¶ 26 of the Complaint, Defendant admits providing his cell number for his business.

27.     Defendant admits the allegations of ¶ 27.

28.     Defendant admits the allegations of ¶ 28.

29.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 29 of the Complaint.

30.     Defendant has insufficient information and/or knowledge to admit or deny the allegations in ¶ 30 of the Complaint.

31.     Defendant denies the allegations of ¶ 31.

32.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 32 of the Complaint.

33.     Defendant denies the allegations of ¶ 33.

34.     With regard to ¶ 34 of the Complaint, Defendant admits stating that he would be attending a trade show in California.  Defendant denies the balance the allegations of ¶ 34 of the Complaint.

35.     Defendant denies the allegations of ¶ 35.

36.     Defendant admits the allegations of ¶ 36.

37.     Defendant denies the allegations of ¶ 37.

38.     Defendant denies the allegations of ¶ 38.

39.     Defendant denies the allegations of ¶ 39.

40.     With regard to ¶ 40 of the Complaint, Defendant admits that he handed the cell phone to an investigator.  Defendant denies the balance of ¶ 40 of the Complaint.

41.     Defendant denies the allegations of ¶ 41.

42.     With regard to ¶ 42 of the Complaint, Defendant denies that he looked through his wallet and then handed investigators a Visa card with the business named "DOUGDAR Distributors."

43.     With regard to ¶ 43 of the Complaint, Defendant admits that "DOUGBAR Distributors" is a subsidiary of "L/S Sports Club LLC." Defendant denies the balance of the allegations of ¶ 43 of the Complaint.

44.     Defendant denies the allegations of ¶ 44.

45.     Defendant admits the allegations of ¶ 45.

46.     With regard to ¶ 46 of the Complaint, Defendant denies that he was in town with $200,000.

47.     Defendant admits the allegations of ¶ 47.

48.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 48 of the Complaint.

49.     With regard to ¶ 49 of the Complaint, Defendant admits stating that the money was his. Defendant denies the balance the allegations of ¶ 49 of the Complaint.

50.     Defendant denies the allegations of ¶ 50.

51.     Defendant denies the allegations of ¶ 51.

52.     With regard to ¶ 52 of the Complaint, Defendant denies giving investigators consent to look through his wallet where a piece of paper with the name Delroy Smith was found.

53.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 53 of the Complaint.

54.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 54 of the Complaint.

55.     Defendant denies the allegations of ¶ 55.

56.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 56 of the Complaint.

57.     Defendant admits the allegations of ¶ 57.

58.     With regard to ¶ 58 of the Complaint, Defendant admits that he left Atlanta, Georgia on Thursday, May 28, 2009.  Defendant denies the balance the allegations of ¶ 58 of the Complaint.

59.     Defendant denies the allegations of ¶ 59.

60.     Defendant admits the allegations of ¶ 60.

61.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 61 of the Complaint.

62.     Defendant denies the allegations of ¶ 62.

63.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 63 of the Complaint.

64.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 64 of the Complaint.

65.     Defendant admits the allegations of ¶ 65.

66.     Defendant admits the allegations of ¶ 66.

67.     With regard to ¶ 67 of the Complaint, Defendant admits that he traveled from Atlanta, Georgia to Cincinnati, Ohio to Phoenix, Arizona.  Defendant denies the balance the allegations of ¶ 67 of the Complaint.

68.     Defendant denies the allegations of ¶ 68.

69.     With regard to ¶ 69 of the Complaint, Defendant admits stating that the bag was his.  Defendant denies the balance the allegations of ¶ 69 of the Complaint.

70.     With regard to ¶ 70 of the Complaint, Defendant admits that he claimed the currency was his money.  Defendant denies the balance the allegations of ¶ 70 of the Complaint.

71.     Defendant denies the allegations of ¶ 71.

72.     Defendant denies the allegations of ¶ 72.

73.     Defendant admits the allegations of ¶ 73.

74.     Defendant has insufficient information and/or knowledge to admit or deny the balance of the allegations in ¶ 74 of the Complaint.

75.     Defendant admits the allegations of ¶ 75.

WHEREFORE, the Claimant, Samuel Lloyd, respectfully prays that this Honorable Court:

1.     Hold a prompt hearing in this matter;

2.     Dismiss Plaintiff's Verified Complaint for Forfeiture with prejudice;

3.     Award him reasonable costs and counsel fees; and

4.     Grant him any further or additional relief as this Court deems just.

Respectfully submitted,


/s/
_____
Kenneth W. Ravenell
The Murphy Firm
One South Street, 23rd Floor
Baltimore, Maryland 21202
Phone: 410-539-6500
Attorney for Claimant

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 31st day of January, 2010, a copy of the foregoing Verified Claim and Statement Identifying Claimant's Interest and Rights in Seized Property and Answer to Plaintiff's Verified Complaint for Forfeiture was delivered via ECF to: Paul V. Rood, Esq., Assistant United States Attorney, Two Renaissance Square, 40 North Central, Suite 1200, Phoenix, AZ 85004-4408.

/s/

_____

Kenneth W. Ravenell